**YI JING CAI, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE & Alberto R. Gonzales,[1] Attorney General, Respondent.**

No. 04–1401–ag.

United States Court of Appeals, Second Circuit.

June 12, 2006.

David X. Feng, New York, NY, for Petitioner.

Deborah J. Rhodes, United States Attorney for the Southern District of Alabama, Sean P. Costello, Assistant United States Attorney, Mobile, AL, for Respondent.

Present: RICHARD J. CARDAMONE, DENNIS JACOBS and RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

Yi Jing Cai, through counsel, petitions for review of the BIA decision affirming

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Immigration Judge ("IJ") Victoria Ghartey's decision denying Cai's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003. 1(e)(4), this Court reviews the IJ's decision as the final agency determination. See, e.g., Twum v. INS, 411 F.3d 54, 58 (2d Cir.2005); Yu Sheng Zhang v. U.S. Dep't of Justice, 362 F.3d 155, 158–59 (2d Cir.2004). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see Zhou Yun Zhang v. INS, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). A determination "based on flawed reasoning ... will not satisfy the substantial evidence standard," and the agency's use of "an inappropriately stringent standard when evaluating an applicant's testimony constitutes legal, not factual error." Cao He Lin v. U.S. Dep't of Justice, 428 F.3d 391, 400 (2d Cir.2005) (emphasis in original). Questions of law and the application of law to fact are reviewed de novo. See Secaida–Rosales v. INS, 331 F.3d 297, 306–07 (2d Cir.2003).

The IJ's finding that Cai did not suffer past persecution is correct and supported by substantial evidence. This Court has defined persecution as "the infliction of suffering or harm upon those who differ on the basis of a protected statutory ground." Ivanishvili v. U.S. Dep't of Justice, 433 F.3d 332, 341 (2d Cir.2006). "It is a well-established principle that minor beatings and brief detention, even detentions lasting two or three days, do not amount to political persecution." Ai Feng Yuan v. U.S. Dep't of Justice, 416 F.3d 192, 198 (2d Cir.2005) (quoting and citing with approval Eusebio v. Ashcroft, 361 F.3d 1088, 1091 (8th Cir.2004)).

Here, Cai's being slapped once was less severe than minor beatings and brief detention, which do not amount to persecution under the holding in Ai Feng Yuan. Accordingly, the IJ did not err in finding that Cai failed to establish past persecution. The IJ's statement that Cai "did not submit any evidence of serious injury" did not mean that the IJ was applying an inappropriately harsh standard by requiring Cai to show that he suffered serious injury. Rather, the IJ was stating that if Cai had shown that he had suffered serious injury on account of an enumerated ground, he would have established past persecution. Similarly, the IJ also pointed out that Cai did not present evidence that he was sterilized, but that does not mean that the IJ was requiring Cai to show he was sterilized to establish past persecution.

Although Cai now argues that the IJ erred in determining that Cai did not establish a basis for his CAT claim, Cai failed to exhaust this argument in his brief to the BIA. See Gill v. INS, 420 F.3d 82, 85 (2d Cir.2005) (stating that 8 U.S.C. § 1252(d)(1) provides that federal courts "may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right"). However, even if he had raised his CAT arguments to the BIA, they would not have helped him because there is substantial evidence that Cai has failed to show that it is more likely than not that he will be tortured if he returns to China. The country condition reports that Cai cites for the proposition that many people are subjected to lengthy detention or reeducation through labor camps upon being returned to China do not establish that it

is more likely than not Cai will be tortured.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).